LAURA S. BIZZELL v. BOARD OF ALDERMEN OF CITY OF
GOLDSBORO ET AL.

(Filed 20 October, 1926.)

**Municipal Corporations—Cities and Towns—Ordinances—Constitutional Law—Zoning Districts—Statutes.**

Under the provisions of the Zoning Statute, 3 C. S., 2776(s), (Laws of 1923, ch. 250, sec. 2), the regulations prescribed shall be uniform for each class or kind of building throughout each district, and the regulations of one district may differ from those of the others, and can have no application to the question of the rights of the governmental body of the city refusing to issue a permit for a gasoline filling station, in denial of the right of an applicant for such license under an invalid ordinance.

STACY, C. J., dissenting.

APPEAL by defendants from *Sinclair, J.*, WAYNE Superior Court, from order at Chambers, April, 1926. Affirmed.

*Hugh Dortch and Dickinson & Freeman for plaintiff.*
*D. C. Humphrey and Kenneth C. Royall for defendants.*

CLARKSON, J. In *Eleanor Bizzell v. Board of Aldermen, ante,* 348, we said: "We do not think that the reference in the pleadings to the acts of the city planning commission of the city of Goldsboro enters into this controversy, although it may be noted that by a vote of two to one the commission recommended that the permit be granted."

In the present case the city planning commission, by a vote of two to one recommended that the permit be not granted. We think this case presents practically the same questions presented in the *Eleanor Bizzell case, supra.*

At the Special Session 1921 (Public-Local Laws, ch. 169), was passed: "An act providing for the establishment of planning commissions in the cities and towns of North Carolina, and prescribing the powers and duties of such commission." This act applied to counties of Buncombe and New Hanover and made applicable to Wayne. Ch. 343, Public-Local Laws 1925.

At the General Session 1923 (Public Laws, ch. 250) was passed: "An act to empower cities and towns to adopt zoning regulations."

3 C. S., ch. 56, Art. 11(c), Zoning Regulations.

The ordinance of the board .of aldermen of the city of Goldsboro of 19 October, 1925, creating the city planning commission for the city of Goldsboro (under authority of the legislative acts, *supra,* expressly limits its power to the consideration and supervision of new subdivisions of property which might be opened within the city of Goldsboro or within a mile of its limits. No districts or zones have been established or regulations made. In fact, defendants say in their brief: "At the time of this application and at the time it was denied by the board of aldermen, the planning commission was working on a plan for districting and zoning the city, but had not completed its plan or made any report thereon."

The laws regulating zoning and districting under legislative authority in the above recited acts were not carried out—no notice, public hearing, etc., as required (Laws 1921, secs. 4-10; Laws 1923, sec. 4), and have no application in the present action.

In fact the zoning regulations, 3 C. S., latter part of 2776(s) (1923, ch. 250, sec. 2), says: *"All such regulations shall be uniform for each class or kind of building throughout each district, but the regulations in one district may differ from those in other districts."*

For the reasons given, the judgment of the court below is

Affirmed.

STACY, C. J., dissenting.